BOYER, Chief Judge.
Appellant, defendant in the trial court, has filed a notice of interlocutory appeal from the trial court’s order denying defendant’s motion to dismiss. Essentially, the issue here involved is whether appel-lees, referred to collectively as the Public Service Commission, have standing to bring the suit.
The Commission’s complaint alleged that defendant sold water to two private utility corporations which sell and distribute water to approximately 1800 customers who live outside Ormond Beach. The complaint further asserts that the rates charged by the City to the two private utilities were in excess of the maximum rates allowed under F.S. §,180.191 and that the City’s establishment of the rate differential between in-city and out-of-city purchasers *525 of water amounts to an arbitrary and unconstitutional classification. The Commission admits that it has no regulatory control over the City’s water system and its rates by virtue of the provisions of F.S. § 367.022(2), but claims that it has standing on its own behalf and on behalf of the customers of the two private utilities to bring the instant action. The complaint also admits that the Commission must “pass through” the rate increases to the two private utilities pursuant to F.S. § 367.081(3), but contends that the Commission may challenge whether those rates have been set in accordance with the laws of Florida.
Our meticulous examination of the record and careful consideration of the pertinent statutory and case law has led us to the conclusion that the Public Service Commission is not the proper party to maintain the action. Appellant Mayo and the other appellants constituting the Public Service Commission have no role of advocacy and, therefore, cannot take the position that they fairly and adequately represent a class of consumers. Any decision in this suit commenced by the Commission would not be binding on a class, but would potentially subject appellant to subsequent suits by the class.
We agree with the Commission that the federal cases concerning standing are relevant to the case sub judice. Particularly helpful is Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), wherein the United States Supreme Court reiterated the general rule that in order for a plaintiff to have standing to initiate a lawsuit, he must satisfy the direct injury or injury-in-fact requirement. In other words, a plaintiff must demonstrate that the purported harm caused by the defendant has directly injured him. The Public Service Commission can make no such showing in this case.
The Commission claims that it has a personal stake in the outcome of the suit in that it must regulate utilities in the public interest in addition to its status as the protector of the public interest. However, the Public Service Commission has not been designated by statute nor otherwise as a consumer advocate over utilities not under its regulatory authority. In this regard, the opinion of this Court in Southern Gulf Utilities v. Mayo, Fla.App. 1st 1974, 299 So.2d 156 is significant. While the facts in that case are distinguishable, the conclusion of the court is applicable. On Petition for Rehearing in the Southern Gulf Utilities Case, Judge McCord wrote as follows :
“ . . . The problem here results from a hiatus in the law whereby appellants are subject to the jurisdiction of the Florida Public Service Commission as to their rates and charges to their customers, while the City of Ormond Beach is not subject to the regulatory jurisdiction of said Commission as to the rates it charges to appellants; While it might be desirable from the '.standpoint of appellants and appellants’ water customers that the City also be subject to the regulatory jurisdiction of said Commission, the Legislature has not seen fit to vest such jurisdiction in the Commission. . . . ” (299 So.2d at page 157)
Likewise, in the case sub judice, while it might be desirable from a policy standpoint for the Public Service Commission to initiate such a lawsuit on behalf of the consumer, the legislature has not seen fit to authorize the Commission so to do. It follows that the trial court should have granted appellants’ motion to dismiss.
REVERSED.
MILLS and SMITH, JJ., concur.